# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM HENNIS,

    Petitioner,

    -vs-

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 3:10-cv-202

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

## REPORT AND RECOMMENDATION[1]

Pursuant to 28 U.S.C. § 2254, *pro se* Petitioner ("Petitioner" or "Hennis") brings this petition for a writ of *habeas corpus*. Petitioner was convicted of gross sexual imposition, rape, and sexual battery in March 2003 and is currently serving his thirty-year sentence in Respondent's custody.

Previously, upon Respondent's motion (doc. 11), the Court dismissed Grounds Three, Four and Six because Petitioner had not exhausted his state court remedies with respect to those claims. Docs. 15, 16. The Court then ordered the case to proceed on the remaining claims -- Grounds One, Two, Five, Seven and Eight, *id.,* which are now before the Court:

> **GROUND ONE**: The State Courts in Ohio failed to honor the Constitutional protection of Petitioner's due process and equal protection rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.
>
> **Supporting Facts**: In 2004, the United States Supreme Court issued a ruling on the procedural right at sentencing. Petitioner has no previous criminal history and raised this issue to the Court of Appeals of Ohio as a sentencing error that he was entitled to minimum concurrent sentences because he is a first-time offender.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**GROUND TWO**: Petitioner is entitled to the protection of the Fourth, Sixth and Fourteenth Amendment rights of the U.S. Constitution.

**Supporting Facts**: Petitioner contends that the protection of due process and equal protection fall into play when the State of Ohio violated those rights, when they used incomplete evidence or evidence submitted outside the proper authenticated chain of custody. The audio tape played at trial, purported to depict a conversation between the Complainant and the Petitioner. The actual conversation was about 50 minutes. However, the tape played was 19 minutes long and omitted the portion of the conversation in which the Petitioner denied the Complainant's claims, which means the jury never heard the entire conversation. Detective Meyer states that she thought the tape was 30 minutes long when she received them.

**GROUND FIVE**: The Court of Appeals allowed an error from the trial court to stand for the imposition of a sentence that was contrary to law.

**Supporting Facts**: Petitioner states, even though he was re-sentenced, he is still wrongfully sentenced to the same sentence. Petitioner was, at the time of his sentence, entitled to the factors as set forth in accordance to the law before *Foster*. This required the Court to impose the minimum sentence upon this Petitioner, who had not previously served any prison sentence, unless the Court found, on the record, that the shortest prison term would demean the seriousness of the conduct or not adequately protect society. Petitioner contends that the Second District Court of Appeals reversed the trial court's sentence on this basis. However, the trial court, upon their view, sentenced Petitioner to the same sentence as was reversed.

**GROUND SEVEN**: The Second District Court of Appeals of Ohio and the Clark County prosecuting attorney deprived Petitioner of due process and equal protection by submitting and accepting falsified documents to sustain an erroneous conviction.

**Supporting Facts**: Petitioner claims his case involves additional Constitutional violations when the trial court and appellate court entered into collusion with the State's representative, who falsified documents.

It is submitted by Petitioner in the actual attached documents that were submitted to the State Courts that he has been denied every opportunity to have his case adjudicated fairly in any State Court after the reversal.

The State's highest Court declined to hear his proposition of law, but did so without stating there was not a substantial constitutional question before them. The State of Ohio also waived filing of any Memorandum in Opposition.

> **GROUND EIGHT**: Petitioner was denied appellate counsel's complete assistance when counsel failed to challenge the amending of the State's presented documents on appeal brief.
>
> **Supporting Facts**: Petitioner contends he was charged with 10 separate offenses at the time the alleged victim made her allegations she was 17 years old. The original Complaint alleges that the assaults took place in 1991, when the alleged victim was only six (6) years old. This fact was proven to be false with the State on evidence provided to defense in discovery, which shows that the Petitioner's wife did not have custody and/or guardianship until October 26, 1993.

Doc. 4 at PageID 11-13, 24-26 (capitalization altered).

## I. PROCEDURAL BACKGROUND

In August 2002, Petitioner was indicted by the Clark County, Ohio grand jury on ten sexual offenses committed against his adoptive daughter: five counts of gross sexual imposition; one count of rape; and four counts of sexual battery. Doc. 11-1. The State amended the dates in the indictment, *see* docs. 11-4, 11-7, and also dismissed the rape count before trial. *See* docs. 11-6, 11-8. A jury found Petitioner guilty of the gross sexual imposition and sexual battery counts. Doc. 11-9. Petitioner was sentenced to two-year consecutive terms for each gross sexual imposition count, plus five years for each sexual battery count, for a total of thirty years. Doc. 11-10. The trial court also classified Petitioner as a sexually oriented offender. *Id.*

### A. Direct Appeal

With the assistance of counsel, Petitioner timely appealed his conviction and sentence to the Ohio Second District Court of Appeals, setting forth the following assignments of error:

I. Appellant was denied his constitutionally guaranteed right to effective assistance of counsel;
II. The trial court erred in failing to suppress evidence gained from an illegal search and seizure;
III. The rape shield law was unconstitutionally applied to the appellant's case;
IV. Appellant's con[v]ictions were against the sufficiency and/or manifest weight of the evidence;

> V. Appellant was denied effective assistance of counsel;
> VI. The trial court erred in imposing a sentence that was excessive and contrary to law;
> VII. Appellant was denied due process and a fair trial due to juror misconduct and the trial court's error in failing to conduct an individual voir dire of jurors; and
> VIII. The cumulative effect of the errors occurring at trial deprived Appellant of a fair trial.

Docs. 11-12, 11-13. On January 7, 2005, the Ohio Second District Court of Appeals overruled seven of his eight assignments of error. *State v. Hennis*, No. 2003 CA 21 (Ohio Ct. App. 2d Dist. Jan. 7, 2005) (doc. 11-16). However, the Court of Appeals remanded the case to the trial court for re-sentencing due to its failure to specify reasons for imposing consecutive sentences as required by the then-applicable sentencing statute. *Id.*

Petitioner did not appeal the Ohio Second District Court of Appeals' decision -- overruling his seven assignments of error -- to the Ohio Supreme Court.

### B. Post-Conviction Motions

While his direct appeal was pending, Petitioner filed a *pro se* petition for post-conviction relief pursuant to Ohio Revised Code § 2953.21 on November 4, 2003 asserting: (1) a violation of due process; (2) ineffective assistance of trial counsel; and (3) a violation of the Eighth Amendment. Doc. 11-17. With the assistance of counsel, Petitioner filed a supplemental petition for post-conviction relief, in which he elaborated on his ineffective assistance of trial counsel claim, in October 2004. Doc. 11-18.

Petitioner also filed a *pro se* motion under Ohio R. Civ. P. 60(b) in January 2005, claiming that evidence obtained as a result of illegal wiretapping was admitted at trial. *See* doc. 11-19.

On May 27, 2005, the Clark County Common Pleas Court denied both of Petitioner's post-conviction motions, finding the claims were barred by *res judicata*. Doc. 11-22.

### C. First Re-Sentencing

On May 31, 2005, Petitioner was re-sentenced in the Clark County Common Pleas Court to the same sentence that was imposed the first time: thirty years. Doc. 11-23.

### D. Appeal from First Post-Conviction Ruling and First Re-Sentencing

With the assistance of counsel, Petitioner timely appealed both (1) the May 27, 2005 decision denying his post-conviction petition; and (2) the May 31, 2005 re-sentencing. Doc. 11-25. Petitioner raised the following assignments of error:

> I. The trial court erred in denying Appellant's petition without a hearing; and
> II. The Court erred in sentencing the Appellant to more than the statutory minimum since he is a first time offender.

*Id.*

On January 11, 2006, the Ohio Second District Court of Appeals reversed the trial court's Order denying Petitioner's post-conviction relief, holding that the trial court incorrectly determined that his claims were barred by *res judicata*. *State v. Hennis*, No. 2005-CA-65, (Ohio Ct. App. 2d Dist. Jan. 6, 2006) (doc. 11-28).

The Court of Appeals held the sentencing issue in abeyance pending the Ohio Supreme Court's decision in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). *Id.* On March 17, 2006, following the decision in *Foster*, the Court of Appeals reversed Petitioner's sentenced and remanded for re-sentencing a second time. *State v. Hennis*, No. 2005-CA-65 (Ohio Ct. App. 2d Dist. Mar. 17, 2005) (doc. 11-29).

### E. Post-Conviction Proceedings on Remand

On remand, the Clark County Common Pleas Court held an evidentiary hearing on Petitioner's petition for post-conviction relief, specifically his ineffective assistance of counsel

claim. *See* doc. 11-33. Petitioner filed a post-hearing memorandum with the assistance of counsel, claiming that his trial attorney had failed to present four issues, including an alleged discrepancy in the length and comprehensiveness of an audio-recorded conversation between the complainant and the defendant. Docs. 11-31. On May 10, 2006, the Clark County Common Pleas Court issued a decision denying his petition. *State v. Hennis*, No. 02-CR-0576 (Clark Cnty. C.P. May 9, 2006) (doc. 11-33).

With the assistance of counsel, Petitioner appealed the trial court's judgment. Doc. 11-35. The Ohio Second District Court of Appeals affirmed the trial court's decision on April 6, 2007. *State v. Hennis*, No. 2006 CA 56 (Ohio Ct. App. 2d Dist. Apr. 6, 2007) (doc. 11-37).

### F. Application to Re-Open His Appeal Pursuant to Ohio App. R. 26(B)

On May 30, 2007, Petitioner filed a *pro se* application under Ohio App. R. 26(B), asserting his attorney representing him on his petition for post-conviction relief was ineffective. Doc. 11-39. The Second District Court of Appeals denied his application on the grounds that Ohio App. R. 26(B) only applies to direct appeals, not post-conviction proceedings. *State v. Hennis*, No. 2006 CA 56 (Ohio Ct. App. 2d Dist. Aug. 9, 2007) (doc. 11-41).

On May 21, 2007, Petitioner, proceeding *pro se*, timely appealed to the Ohio Supreme Court, docs. 11-42, 11-43, which dismissed the appeal as not involving any substantial constitutional question. *State v. Hennis*, No. 2007-0943 (Ohio Sept. 26, 200 7) (doc. 11-44).

### G. Second Re-Sentencing Pursuant to *Foster*

On October 31, 2007, the trial court re-sentenced Petitioner a second time pursuant to *State v. Foster*. *See* doc. 11-45. Petitioner received the same thirty-year sentence that had previously imposed. *Id.* He was also classified as a sexually oriented offender. *Id.*

On November 13, 2007, Petitioner appealed his second re-sentencing to the Ohio Second District Court of Appeals, raising two assignments of error:

> I. The trial court abused its discretion when it refused to adhere to the mandate of the Court of Appeals to resentence appellant after remand on January 7, 2006; and
>
> II. The trial court abused its discretion when it refused to adhere to the mandate of the appeals court to resentence appellant after remand March 17, 2006.

Docs. 11-47, 11-48.

On October 31, 2008, the Court of Appeals affirmed Petitioner's second re-sentencing. *State v. Hennis*, No. 2007 CA 128 (Ohio Ct. App. 2d Dist. Oct. 31, 2008) (doc. 11-51).

On January 13, 2009, Petitioner moved in the Ohio Supreme Court for leave to file a delayed appeal of the Court of Appeals' October 31, 2008 decision. Docs. 11-52, 11-53. The Ohio Supreme Court denied him leave to appeal. *State v. Hennis*, No. 2009-96 (Ohio June 3, 2009) (doc. 11–54).

## II. ANALYSIS

### A. AEDPA Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when the state court decides a federal constitutional claim on the merits, the federal *habeas* court must defer to the state court decision unless: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court"; or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

A state court decision is considered "contrary to . . . clearly established Federal law" when it is "diametrically different, opposite in character or nature, or mutually opposed." *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (quoting *Williams v. Taylor*, 529 U.S. 362, 405

(2000)). To be deemed "an unreasonable application of . . . clearly established Federal law," 28 U.S.C. § 2254(d), a state court's decision must be "'objectively unreasonable,' and not simply erroneous or incorrect." *Id.* Further, under 28 U.S.C. § 2254(e)(1), a state court's factual findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence. *Id.* This statutory presumption of correctness also extends to factual findings made by a state appellate court's review of trial court records. *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003).

Under principles of comity, the state courts should have the first opportunity to hear *habeas* claims. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Accordingly, a federal *habeas* petitioner must exhaust state court remedies -- by fairly presenting his or her constitutional claims to the state's highest court -- before raising them in federal court. 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 844-45. If (1) the state court rejected the petitioner's claim based on his or her failure to comply with the state procedural rules, or (2) the petitioner failed to exhaust his or her state court remedies and no avenue of relief remains open, or it would otherwise be futile to pursue the state remedies, the petitioner has waived that claim for *habeas* review under the procedural default doctrine. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

**B.** **Grounds One, Five and Seven**

In Grounds One, Five and Seven, Petitioner challenges the constitutionality of his sentence. Petitioner was sentenced three times, and each time he received the same thirty-year sentence: two years for each of his five gross sexual imposition convictions (ten years), plus five years for each of his four sexual battery convictions (twenty years), to be served consecutively.[2] Docs. 11-10, 11-

---

[2]Gross sexual imposition under Ohio Rev. Code § 2907.05(A)(4) and sexual battery under Ohio Rev. Code § 2907.03(A)(5) are both third degree felonies -- carrying potential sentences of one to five years. *See* Ohio Rev. Code §§ 2907.03(B); 2907.05(C)(2); 2929.14(A)(3).

23, 11-45. Petitioner's third and final sentence was affirmed by the Ohio Second District Court of Appeals. Doc. 11-51. The Ohio Supreme Court did not grant him leave to appeal the issue. Doc. 11-54.

### 1. Ground One

In Ground One, Petitioner contends that his sentence violates the Sixth Amendment under *Apprendi* and *Blakely*. *See* doc. 4 at PageID 11; doc. 22 at PageID 1464-69. In *Apprendi v. New Jersey*, the United States Supreme Court held that, under the Sixth Amendment, any fact, other than a prior conviction, that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Subsequently, the Court explained in *Blakely v. Washington*, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original).

Following *Blakely*, the Ohio Supreme Court held that parts of the Ohio sentencing scheme -- requiring judicial fact-finding before imposing consecutive sentences or sentences beyond the statutory minimum -- were unconstitutional. *State v. Foster*, 845 N.E.2d 470, 494 (2006). Thus, the *Foster* Court severed those portions of the statute -- Ohio Rev. Code §§ 2929.14(B) and (C). *Id.* at 497-98. As a result of the severance, "[t]rial courts [now] have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." *Id.* at 498.

Former Ohio Rev. Code § 2929.14(B) required a sentencing court to impose the shortest authorized term on a defendant who had never served a prison term "unless the court [found] on the

record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Upon Petitioner's first and second sentences, the Court made such a judicial finding and therefore imposed more-than-the-minimum sentence on Petitioner. Docs. 11-10, 11-23. Petitioner contends that this judicial fact finding was a violation of *Apprendi* and *Blakely*. His argument is moot, however, because the Ohio Court of Appeals sustained this assignment of error on his second direct appeal and remanded for re-sentencing pursuant to *Foster*. Doc. 11-29. *Cf. Wright v. Lazaroff*, 643 F. Supp. 2d 971, 990 (S.D. Ohio 2009).

His present incarceration is a result of his second re-sentencing, not his initial sentence or first re-sentencing. On his second re-sentencing, the trial judge did not engage in judicial fact finding because it was no longer required once Ohio Rev. Code § 2929.14(B) was severed in *Foster*. *See* doc. 11-45. Moreover, Petitioner's current sentence is within the statutory guidelines (one to five years for each count) and is therefore constitutional. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009). Accordingly, Petitioner's sentence does not violate the Sixth Amendment under *Blakely* or *Apprendi*, and Ground One should be dismissed.

### 2. Ground Five

In Ground Five, Petitioner maintains that he should have been sentenced under Ohio's pre-*Foster* sentencing scheme, under which he was entitled to receive the minimum sentence, absent specific findings by the Court, because he was a first-time offender. *See* doc. 4 at PageID 24.

Although the *Ex Post Facto* Clause technically applies only to legislative acts, its principles apply to judicial acts under the Due Process Clause.[3] *Hooks v. Sheets*, 603 F.3d 316, 321 (6th Cir. 2010). Under the *Ex Post Facto* Clause, a state is prohibited from enacting a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action"; (2) "aggravates a crime, or makes it greater than it was, when committed"; (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed"; or (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Rogers v. Tenn.*, 532 U.S. 451, 456 (2001) (citation omitted).

Petitioner's due process argument lacks merit. The *Foster* severance remedy did not change the elements required to convict him of gross sexual imposition or sexual battery. Nor did it alter his potential punishment for these offenses. Indeed, this Court has already rejected this precise argument in *Smith v. Brunsman*, 626 F. Supp. 2d 785, 792-95 (S.D. Ohio 2008) (rejecting a *habeas* petitioner's contentions that his due process/*ex post facto* rights were violated because as a first-time offender, pre-*Foster*, he would have received the shortest sentence absent explicit findings). As in *Smith*, when Petitioner was originally convicted, "the then-applicable provision of Ohio's sentencing statute provided sufficient notice to petitioner that the trial court had discretion to impose non-minimum and even maximum sentences as long as the court made certain findings consistent with Ohio Rev. Code § 2929.14(B)." *Id.* at 794. Likewise, upon his second re-sentencing in accordance

---

[3]In Petitioner's Reply, Petitioner states that he never intended to make an *ex post facto* argument. Doc. 22 at PageID 1476-77. He does not state any other basis to obtain *habeas* relief in Ground Five, however. *See id.* The Court construes Petitioner's argument as asserting a violation of the Due Process Clause, which applies the principles of the *Ex Post Facto* Clause. *See Hooks*, 603 F.3d at 321; *see also Rogers*, 532 U.S. at 456.

with *Foster*, Petitioner again faced any sentence between the statutory minimum and maximum. Thus, both before and after *Foster*, Petitioner was on notice and had "fair warning" of the potential penalties he faced. *Id.*; *see also Hooks v. Sheets*, No. 1:07-cv-520, 2008 U.S. Dist. LEXIS 77612, at *8-14 (S.D. Ohio Oct. 3, 2008), *aff'd*, 603 F.3d 316 (6th Cir. 2010). Accordingly, there was no due process violation in sentencing Petitioner under the post-*Foster* sentencing scheme when his potential maximum punishment did not change. Ground Five should therefore be dismissed.

### 3. Ground Seven

In Ground Seven, Petitioner argues he was deprived of due process and equal protection, alleging the prosecution submitted and accepted falsified judgment entries. *See* Doc. 4 at PageID 25; doc. 22 at PageID 1477-78. He claims several judgment entries were missing the trial judge's signature. *See id.*

Petitioner improperly raised this argument for the first time in his reply brief on appeal. *See* Ohio App. R. 16; *Sheppard v. Mack*, 427 N.E.2d 522, 524 n. 1 (Ohio 1980). Though the Court of Appeals was therefore not required to address that argument, it nonetheless looked into his claim and determined that it lack merit:

> [W]e have reviewed the journal entries and find that the original of the first sentencing entry was signed by Judge Lorig and the original of the resentencing entry was signed by Judge O'Neill who appears from the record to have been the resentencing judge. (Judge Rastatter's name was typed under the signature line and was crossed out). Furthermore, judicial bias against Hennis is not apparent from the record.

Doc. 11-51 at PageID 548.

The Court of Appeals' factual findings are presumed to be correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Mason,* 320 F.3d at 614. All of the judgment entries in the record presented by Respondent are signed by the sentencing judge. *See*

docs. 11-10, 11-23, 11-45. The Court thus finds that Petitioner has failed to present clear and convincing evidence to rebut the Court of Appeals' findings -- that the judgment entries were signed and there was no evidence of judicial bias. Ground Seven should be dismissed.

**C.     Ground Two**

Similarly, in Ground Two, Petitioner asserts that his due process and equal protection rights were violated when a recording of a conversation between himself and the complainant was admitted into evidence during his criminal trial, but not properly authenticated. Doc. 4 at PageID 21; doc. 22 at PageID 1470-76. He also maintains that the recording presented at trial was incomplete, particularly missing the part where he denied the complainant's allegations of abuse.[4] *See id.*

Respondent argues that Ground Two is procedurally barred because Petitioner did not fairly present this claim to the Ohio Supreme Court. *See* doc. 17 at PageID 785-86. Regardless of whether Ground Two is procedurally defaulted, however, it warrants dismissal on the merits.

As a preliminary note, to the extent Petitioner argues the recorded conversation was not properly authenticated under Ohio evidence law, that is not a cognizable *habeas corpus* claim. *See Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000); *cf. Huffman v. Brunsman*, 650 F. Supp. 2d 725, 750 (S.D. Ohio 2008). "A mere error of state law is not a denial of due process." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (quoting *Engle v. Isaac*, 456 U.S. 101, 121, n. 21 (1982)). To establish a due process violation, Petitioner must show that the state court rulings "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egehoff*, 518 U.S. 37, 43 (1996) (quoting *Patterson v. New York*, 432 U.S. 197, 201-02 (1977)). He has failed to do so.

---

[4]Notably, Petitioner testified in his own defense during his criminal trial, yet he never mentioned that the recording was altered or missing such a crucial part. *See, e.g.,* doc. 17-13 at PageID 1247-48.

Further, his claim -- that the recording was altered to exclude his alleged exculpatory statements -- has no basis in fact. The completeness of the recording was thoroughly examined during his post-conviction proceedings. Although Petitioner did not raise this claim directly, he raised it as a sub-claim of his ineffective assistance of counsel claim -- arguing that his trial counsel should have challenged "[t]he discrepancy in the length and comprehensiveness of an audio-recorded conversation between the Complainant and the Defendant." *See* doc. 11-31 at PageID 310. The Clark County Common Pleas Court held a hearing and reviewed the recording, and ultimately concluded that his assertion was highly speculative and unsubstantiated. *See* 11-33 at PageID 339.

On appeal, the Ohio Second District Court of Appeals likewise rejected Petitioner's contention that the recording was altered:

> Hennis also argued in his petition that trial counsel should have explored an alleged discrepancy in the length of an audio tape-recording of a conversation he had with the victim that was played at trial. Hennis claimed that the tape played at trial was 18 minutes long, but that the tape he received in discovery was 27 minutes long, and that the conversation itself had been about 50 minutes long. He asserted that the alleged discrepancies suggest "active misrepresentation of this conversation by the prosecution and an unexplored *Brady* violation." He also suggested that the prosecution's decision to drop a rape count after producing the tape in discovery "raises questions about the content of the remainder of the tape." In sum, he contended in his petition that "there clearly exists an expanded version of this conversation that was reduced by the prosecution."
> The trial court reviewed the tape that was provided to Hennis in discovery. The court found the tape was 25 minutes in length and concluded that there was "no evidence of any deletion or alteration" or any "sinister activity" associated with the tape. It concluded that the jury had been in a position to evaluate the content of the tape and declined to speculate as to the reasons for any alleged "delay" in the recording without supporting evidence. (The reference to a delay appears to pertain to a section at the beginning of the tape on which no conversation was recorded). We agree with the trial court's assessment that Hennis's argument is highly speculative and that there is no credible evidence of tampering with the tape or of a *Brady* violation.

Doc. 11-37 at PageID 404-05.

As Petitioner has not substantiated his claim with any credible evidence, these state court findings are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *see also* doc. 22 at PageID 1470-76. Accordingly, the Court finds that there was no due process violation, and Ground Two should be dismissed.

**D.     Ground Eight**

Finally, in Ground Eight, Petitioner claims ineffective assistance of appellate counsel with respect to the denial of his petition for post-conviction relief in state court.[5]  *See* doc. 4 at PageID 25-26; doc. 22 at PageID 1478. This it is not a cognizable *habeas corpus* claim. 28 U.S.C. § 2254(i) provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." Accordingly, Ground Eight should be dismissed. *See Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005).

### III.  RECOMMENDATION

Based on the foregoing analysis, it is **RECOMMENDED** that Petitioner's § 2254 petition for a writ of *habeas corpus* be **DISMISSED WITH PREJUDICE**, and this case be **TERMINATED** on the Court's docket.

---

[5]Though he does not specifically state that he is raising an ineffective assistance of appellate counsel claim with respect to state post-conviction relief, the Court finds such is the case. Petitioner refers to "Mr. Katchmer" in his Traverse -- *i.e.,* his attorney during post-conviction proceedings before the Clark County Common Pleas Court, as well as his state court appeal of those proceedings. *See* Doc. 22. Further, he attempted to raise this same argument in his Ohio App. R. 26(B) application, and was denied on the grounds that Ohio App. R. 26(B) does not permit re-opening of a post-conviction appeal. *See* docs. 11-39, 11-41.

Further, reasonable jurists would not disagree with the recommended disposition on all grounds for relief. Therefore, if Petitioner seeks to appeal, the Court **RECOMMENDS** that Petitioner be **DENIED** a certificate of appealability.


May 24, 2012                                    s/ **Michael J. Newman**
                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).